**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY OMIDI; ASSET MANAGEMENT IRREVOCABLE TRUSTS via Trustee ASIATRUST NEVIS, LTD., aka Asiatrust, Ltd.; and PROPERTY CARE INSURANCE, INC., *Petitioners-Appellants*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *Respondent-Appellee*. | No. 15-55667 <br><br> D.C. No. 2:15-cv-00389-ODW-VBK <br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted January 11, 2017
Pasadena, California

Filed March 13, 2017

2          OMIDI V. UNITED STATES

Before: Alex Kozinski and Paul J. Watford, Circuit Judges,
     and Mark W. Bennett,[*] District Judge.

Opinion by Judge Watford

---

## SUMMARY[**]

---

### Civil Forfeiture

The panel affirmed the district court's order denying appellants' motion for return of seized funds under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983(a)(1)(F).

In connection with an ongoing criminal investigation, the government seized around $100 million from bank accounts controlled by appellants as proceeds of criminal activity and subject to forfeiture under 18 U.S.C. § 981. Appellants alleged that the government did not provide the notice required by § 983(a)(1)(A) of CAFRA within 60 days of the seizure.

The panel held that § 983(a)(1)(A) did not apply to this case because the provision limits the applicability of the 60-day notice deadline to "nonjudicial" civil forfeiture proceedings, and this case involved *judicial* forfeiture

---

[*] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

proceedings.  The panel held that the government could not have pursued nonjudicial forfeiture proceedings even if it had wanted to because the value of the personal property exceeded $500,000.  19 U.S.C. § 1607(a).

**COUNSEL**

Ryan D. Kashfian, Esq. (argued) and Robert A. Kashfian, Esq., Kashfian & Kashfian LLP, Century City, California, for Petitioners-Appellants.

Steven R. Welk (argued), Assistant United States Attorney, Chief, Asset Forfeiture Section; Eileen M. Decker, United States Attorney; Lawrence S. Middleton, Assistant United States Attorney, Chief, Criminal Division; Office of the United States Attorney, Los Angeles, California; for Respondent-Appellee.

**OPINION**

WATFORD, Circuit Judge:

As part of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106–185, 114 Stat. 202, Congress imposed new deadlines for the processing of civil forfeiture claims.  Under CAFRA, when the federal government seizes certain types of property, it must generally provide notice of the seizure to interested parties as soon as practicable, but in no event later than 60 days after the seizure occurs.  18 U.S.C. § 983(a)(1)(A).  After receiving notice, a person with an interest in the property may file a claim with the relevant

4                OMIDI V. UNITED STATES

agency.   § 983(a)(2)(A).   Upon receiving a claim, the
government must file a civil or criminal forfeiture action
within 90 days, unless a court extends the deadline.
§ 983(a)(3)(A).

In this case, in connection with an ongoing criminal
investigation, the government obtained warrants authorizing
it to seize roughly $100 million from bank accounts
controlled by the appellants.  The government asserts that the
funds are proceeds of criminal activity and thus subject to
forfeiture under 18 U.S.C. § 981, the primary statute
authorizing forfeiture of property tied to criminal
wrongdoing.  The appellants allege that although they learned
of the seizure shortly after it occurred, the government did not
provide the notice required by § 983(a)(1)(A) within 60 days
of the seizure.  As a consequence of that failure, they contend,
the government must return the seized funds under
§ 983(a)(1)(F).  That provision provides, as a sanction for
violating subsection (A), that "the Government shall return
the property to [the person from whom it was seized] without
prejudice to the right of the Government to commence a
forfeiture proceeding at a later time."   The district court
denied the appellants' motion on the ground that
§ 983(a)(1)(A) does not apply in this case.  We agree with
that conclusion.

Section 983(a)(1)(A)(i) provides in relevant part as
follows:

> Except as provided in clauses (ii) through (v),
> in any *nonjudicial civil forfeiture proceeding*
> under a civil forfeiture statute, with respect to
> which the Government is required to send
> written notice to interested parties, such notice

> shall be sent in a manner to achieve proper
> notice as soon as practicable, and in no case
> more than 60 days after the date of the
> seizure.

(Emphasis added.)

In our view, the italicized phrase resolves this appeal. It limits the applicability of the 60-day notice deadline to "nonjudicial" civil forfeiture proceedings. This case involves *judicial* forfeiture proceedings, so the notice provision at issue does not apply. Explaining why requires a brief description of the difference between judicial and nonjudicial forfeiture proceedings.[1]

As the term implies, in nonjudicial (administrative) forfeiture proceedings, the government may obtain title to forfeited property without any involvement by the courts. The procedure is authorized by provisions of the Tariff Act of 1930, found at 19 U.S.C. §§ 1607 and 1609. Those provisions pertain to customs cases, but the forfeiture statute the government invokes here—18 U.S.C. § 981— incorporates them by reference (as modified by CAFRA). § 981(d); *see* Stefan D. Cassella, Asset Forfeiture Law in the United States § 4-3, at 153 (2d ed. 2013).

To start the administrative forfeiture process, the government must provide notice to interested parties after seizing the targeted property. 19 U.S.C. § 1607(a). If no one comes forward to claim an interest in the property within the deadline specified in the notice, the government may declare

---

[1] We limit our discussion to forfeitures governed by CAFRA; some forfeitures are exempted from the Act's requirements. § 983(i).

6                    OMIDI V. UNITED STATES

the property forfeited, at which point title passes to the United States.  18 U.S.C. § 983(a)(2)(B); 19 U.S.C. § 1609.  If a claimant does come forward to claim an interest in the property, the administrative forfeiture process ceases and within 90 days the government must initiate a judicial forfeiture proceeding—a formal court action which, if successful, results in a court order declaring the property forfeited.  18 U.S.C. § 983(a)(3).  The government may initiate judicial forfeiture proceedings in one of two ways: by filing a civil forfeiture complaint in the district court, or by obtaining a criminal indictment alleging that the property is subject to forfeiture.  *Id.*

Certain types of property are not eligible for nonjudicial forfeiture proceedings; they may be forfeited only through proceedings in court.  The government may obtain forfeiture of real property, for example, only through judicial forfeiture proceedings.  18 U.S.C. § 985(a).  The same is true with respect to personal property worth more than $500,000, subject to a few exceptions not relevant here.  19 U.S.C. § 1607(a); *see* Cassella § 4-3, at 154–55.

To obtain forfeiture of the seized funds in this case, the government must pursue judicial forfeiture proceedings because the value of the property far exceeds $500,000.  The government could not have pursued nonjudicial forfeiture proceedings even if it had wanted to.  That is why the notice deadline imposed by § 983(a)(1)(A)—limited on its face to *nonjudicial* forfeiture proceedings—does not apply here.

The appellants counter this straightforward textual reading of § 983(a)(1)(A) by relying on the last clause of the provision, which states that the required notice "shall be sent in a manner to achieve proper notice as soon as practicable,

and *in no case* more than 60 days after the date of the seizure." (Emphasis added.) The appellants contend that when Congress said "in no case" it meant in no case of any kind, whether involving judicial or nonjudicial forfeiture proceedings. Read in context, though, it is evident that the phrase "in no case" was used to mean "in no event" or "in no instance." It qualifies the requirement that notice must be given "as soon as practicable" by setting an outer limit on the time period within which notice must be sent. It does not establish a freestanding notice deadline of its own, much less one that overrides the statute's clear statement that the notice deadline applies only in "nonjudicial civil forfeiture proceeding[s]."

The appellants contend that our reading of the statute leads to an apparent anomaly, which they describe as follows: Owners of personal property worth less than $500,000 are generally entitled to notice within 60 days of the seizure of their property, and by promptly filing a claim, they can force the government to initiate court proceedings within 90 days, absent a court-approved extension. Owners of personal property worth more than $500,000, however, are not entitled to the same procedural protections. The government may seize their property and delay initiating judicial forfeiture proceedings for a lengthy period of time, subject only to the limits imposed by the Due Process Clause. *See United States v. $8,850 in U.S. Currency*, 461 U.S. 555, 564, 569–70 (1983) (upholding an 18-month delay). That result is at odds, the appellants say, with CAFRA's objective of ensuring timely access to the courts for those who seek to contest the seizure of their property.

We do not think this apparent anomaly gives us license to rewrite the statutory text, given the clarity of § 983(a)(1)(A)'s

limitation to "nonjudicial" civil forfeiture proceedings. *See Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). In any event, though, the difference in treatment highlighted by the appellants is not as stark as they suggest. Owners of personal property worth more than $500,000 are not left without recourse to the courts when the government seizes their property and delays initiating judicial forfeiture proceedings for months or years on end. They can file a motion in the district court seeking return of their property under Federal Rule of Criminal Procedure 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." When criminal proceedings are already underway against the aggrieved property owner, such motions can be heard as part of the criminal case itself. Even when criminal proceedings are not yet underway, as was true here, an aggrieved property owner may invoke Rule 41(g) as a means of obtaining judicial review. In that situation, the motion is treated as a petition for civil equitable relief subject to the district court's balancing of four discretionary factors. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172–74 (9th Cir. 2010) (en banc) (per curiam).

Virtually all challenges to the government's basis for seeking forfeiture that could be raised in judicial forfeiture proceedings may be raised in proceedings under Rule 41(g). That is not to say the proceedings are equivalent, as the claimant bears the burden of proof in a Rule 41(g) proceeding, *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014), whereas the government bears that burden in judicial forfeiture proceedings, 18 U.S.C. § 983(c)(1); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576–77 (9th Cir. 1989). Nonetheless, the key point is that owners of

personal property worth more than $500,000 are not deprived of timely access to the courts altogether if they seek to challenge the government's seizure of their property.

This case bears out that very point.  The district court construed the appellants' motion for return of the seized funds as a motion under Rule 41(g).  The appellants could have challenged in that proceeding the lawfulness of the government's seizure (and retention) of the $100 million. They could have argued, for example, that the seized funds lack any connection to criminal wrongdoing and thus are not subject to forfeiture, or that the government's lengthy delay in initiating judicial forfeiture proceedings violates their due process rights.  But they raised no such arguments.  They instead asserted as the sole basis for relief a violation of the notice deadline imposed by § 983(a)(1)(A), a provision which, as we have explained, simply does not apply in this case.

**AFFIRMED.**